**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| JOSE DE JESUS OVIEDO HERNANDEZ, DONACIANO NIETO, LORENZO VEGA, JAVIER SANTILLAN, and JOSE LEONEL HERNANDEZ HENRIQUES, Individually and On Behalf All Others Similarly Situated, | § § § § § § § § § | Civil Action No. _____ |
| Plaintiffs, | § | COLLECTIVE ACTION (JURY TRIAL) |
| | § | |
| v. | § § | |
| ROBERT DERING CONSTRUCTION, LLC, | § § § | |
| Defendant. | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Jose de Jesus Oviedo Hernandez, Donaciano Nieto, Lorenzo Vega, Javier Santillan, and Jose Leonel Hernandez Henriques (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, file this Original Complaint against Defendant Robert Dering Construction, LLC ("Defendant" or "Robert Dering") and in support thereof show as follows:

### INTRODUCTION

1.     Plaintiffs, individually and on behalf of all others similarly situated, bring this action to recover unpaid wages, overtime compensation, litigation expenses, expert witness fees, attorney's fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, applicable penalties, and all other available remedies under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Plaintiffs bring this action as an opt-in collective action pursuant to § 216(b) of the FLSA.  This collective action consists of current and former employees who worked for Defendant who in the three years preceding the filing of this suit were misclassified as independent contractors and were not paid overtime compensation at time and one half for hours they worked over 40 in a work week in violation of the FLSA and whose job duties included performing manual labor construction tasks (referred to herein as a "laborer").

**JURY DEMAND**

3.      Plaintiffs and all others similarly situated demand a jury trial.

**PARTIES**

**PLAINTIFFS**

4.      At all relevant times, Plaintiffs were employed by Defendant within the meaning of the FLSA as laborers.  Each Plaintiffs' Notice of Consent to join the collective action is attached hereto and is being filed herewith.

5.      Plaintiff Jose de Jesus Oviedo Hernandez is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations.  Mr. Hernandez was employed by Defendant from approximately May 2012 to May 2015 as a full-time laborer.

6.      Plaintiff Donaciano Nieto is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations.  Mr. Nieto was employed by Defendant from approximately May 2012 to May 2015 as a full-time laborer.

7.      Plaintiff Lorenzo Vega is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations.  Mr. Vega was employed by Defendant from approximately May 2012 to November 2012 as a full-time laborer.

8.     Plaintiff Javier Santillan is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations.  Mr. Santillan was employed by Defendant from approximately April 2013 to February 2015 as a full-time laborer.

9.     Plaintiff Jose Leonel Hernandez Henriquez is a former employee of Defendant, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations.  Mr. Hernandez was employed by Defendant from approximately November 2012 – May 2015 as a full-time laborer.

10.     The collective action members are those current and former employees of Defendant similarly situated to the Plaintiffs as set forth herein.

DEFENDANT

11.     Defendant Robert Dering Construction, LLC is a Texas corporation that conducts business in the State of Texas and in this District.  Pursuant to Fed. R. Civ. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas.  Robert Dering Construction, LLC may be served by serving its agent for service of process:  Michael Moore, 8600 Jameel Road, Suite 190, Houston, Texas 77040.

12.     Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

13.     At all relevant times to this action, Defendant was the employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

14.     Robert Dering controlled all aspects of Plaintiffs' and the collective action members' employment including, but not limited to, determining which construction projects Plaintiffs worked on; the days and times Plaintiffs and the collective action members were to report

to work; the manner in which the Plaintiffs and collective action members performed their work; the tools Plaintiffs and all other similarly situated laborers used to complete their construction work; Plaintiffs' and the collective action members' hourly rate of pay; and the manner in which Plaintiffs and the collective action members would receive their wages.

15.     Defendant Robert Dering, without the support of Plaintiffs or the collective action members, invested its resources into its construction projects.

16.     During their employment with Defendant, Plaintiffs and all others similarly situated were required to wear uniforms bearing Defendant's name and company logo.  The uniforms were provided to Plaintiffs by Defendant.

17.     Plaintiffs and the collective action members had no control as to the amount of profit they could make.  Plaintiffs and the collective action members did not control their hourly rate; they did not have the power to accept or reject construction projects; and they did not control business costs including, but not limited to, tools and supplies.

18.     Robert Dering possessed control over the amount of profit Plaintiffs and all other similarly situated laborers could make because Defendant controlled the Plaintiffs' and collective action members' hourly rate; the selection of construction projects; and business costs including, but not limited to, tools and supplies.

19.     Plaintiffs and all others similarly situated performed manual construction labor during the relevant time period that required little skill.

20.     Plaintiffs and all others similarly situated considered themselves permanent employees of Defendant whose employment was not defined by any particular length of time.

21.     Plaintiffs and all others similarly situated were economically dependent upon Defendant, and Plaintiffs and all others similarly situated were never in business for themselves.

## JURISDICTION AND VENUE

22.      Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

23.      Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendants are doing business in this district and division, and a substantial part of the events giving rise to the claim occurred in this district and division.

## FACTUAL BACKGROUND

24.      Robert Dering is a construction company that specializes in the architecture, design, and construction of medical/dental projects, multi-million dollar homes, and patient care facilities.

25.      Defendant works or has worked on construction projects throughout the state of Texas including, but not limited to, projects in Houston, Galveston, Austin, San Antonio, and Temple.

26.      Michael Moore is the sole member of Robert Dering Construction, LLC and was Plaintiffs' supervisor during the relevant time period.

27.      At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

28.      Plaintiffs' primary job duty was to perform manual labor while employed by Defendant.

29.      The operations of Defendant's work sites, and the wages and compensation of Plaintiffs and those similarly situated non-exempt laborers at each of Defendant's work sites, are substantially similar, if not identical.

30.     During the relevant time period, Plaintiffs engaged in non-exempt work involving various manual labor construction duties including, but not limited to, demolition, metal framing, sheetrock installation, installation of fixtures, flooring, etc.

31.     Plaintiffs were paid on an hourly basis by Defendant.

32.     Plaintiffs were not paid a salary by Defendant.

33.     Each Plaintiff has never owned or operated their own construction business or held themselves out to own their own construction business or been associated in any way with the development, formation, or creation of their own construction business.

34.     Plaintiffs and the putative collective action members have collectively worked on hundreds of Defendant's construction projects.

35.     Defendant misclassified Plaintiffs and all others similarly situated as independent contractors and did not pay Plaintiffs and the putative collective action members overtime wages even though Plaintiffs and all others similarly situated did not meet the test for independent contractors.

36.     Plaintiffs were entitled to be paid overtime compensation at a rate of one and one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek.

37.     Defendant's workweek is Monday through Sunday each calendar week.

38.     Plaintiffs regularly worked more than 40 hours during the workweeks within the relevant time period without receiving all overtime compensation owed at time and one-half their regular rate of pay.

39.     Defendant paid Plaintiffs and all others similarly situated "straight time" for all hours worked over 40 in a work week.

40.     Defendant employed other laborers who were also misclassified as independent contractors and were not paid all overtime compensation (at time and one-half) owed for recorded hours of work in excess of 40 in a workweek.

41.     Defendant's laborers should be paid overtime compensation at one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

42.     Like Plaintiffs, Defendant misclassified all other similarly situated laborers and failed to pay them overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours in a workweek.

43.     Plaintiffs and all others similarly situated were compensated on an hourly basis by Defendant.

44.     Plaintiffs and all others similarly situated were not paid a salary for work performed as laborers.

45.     Plaintiffs and all other similarly situated laborers are non-exempt workers under the FLSA.

46.     Plaintiffs and all others similarly situated laborers were not independent contractors.

47.     No exemption excuses Defendant from paying Plaintiffs and all others similarly situated overtime compensation for all hours worked over 40 in a workweek.

48.     While employed by Defendant, Plaintiffs and the other similarly situated laborers recorded over 40 hours in a workweek on their time sheets, but were not paid overtime compensation at a rate of time and one-half for all hours in excess of 40 in a workweek.

49.     During the workweeks in which Plaintiffs and those similarly situated laborers worked more than 40 hours in a workweek, Defendant failed to compensate them at a rate of one

and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

50.    Defendant failed to comply with the FLSA in that Plaintiffs and others similarly situated performed services for Defendants, and they were not legally compensated for all hours worked.

51.    Defendant misclassified Plaintiffs and all others similarly situated in order reduce Defendant's labor and payroll costs and to avoid state and federal labor laws including the FLSA.

52.    The conduct of Defendants, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiffs and those similarly situated.

53.    Defendant has failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiffs and those similarly situated laborers are entitled to liquidated damages for such conduct.

54.    Plaintiffs and all others similarly situated were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs and all others similarly situated suffered lost wages and other damages.

55.    Plaintiffs and the putative collective action members are similarly situated in that they were all misclassified as independent contractors under the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

56.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

57.     Plaintiffs are members of the Class they seek to represent because they were employed by Defendant during the relevant period, they were misclassified as independent contractors, they were routinely suffered or permitted to work more than 40 hours per workweek and were not paid overtime compensation for all hours worked over 40 hours in a workweek.

58.     Other laborers have been victimized by this pattern, practice, and policy of Defendant that is in violation of the FLSA as described above.  Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other workers.

59.     Other similarly situated laborers have been misclassified as independent contractors by Defendant and have been denied their lawful wages.  Accordingly, Defendant's pattern or practice of misclassifying its labors as independent contractors and failing to pay them overtime pay (at time and one-half) for all hours worked over 40 in a workweek as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiffs and those similarly situated.

60.     Plaintiffs and all others similarly situated shared common job duties and responsibilities as laborers including performing a variety of manual labor construction tasks.

61.     Plaintiffs' experiences are typical of the experience of Defendant's other non-exempt laborers.

62.     Plaintiffs files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).

63.     During Plaintiffs' employment, they routinely worked well in excess of 40 hours per week.  Even though Plaintiffs and all others similarly situated worked well in excess of 40 hours per week, Defendant has failed to pay Plaintiffs and all others similarly situated for those hours worked in excess of 40 per week at a rate of one and one-half their regular rates of pay.

64.     Plaintiffs bring these claims on their own behalf and on behalf of all other similarly situated laborers who have been misclassified as independent contractors and who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

65.     Plaintiffs request that Defendant fully identify all other similarly situated laborers in order that proper notice of their right to consent to participation in this collective action may be sent.

66.     Plaintiffs seek to represent those similarly situated laborers who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

67.     Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

68.     Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

69.     Plaintiffs have retained the undersigned counsel to represent them in this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs have retained counsel competent and experienced in complex employment matters and collective actions.

## CAUSES OF ACTION

70.     Plaintiffs assert the following causes of action individually and behalf of those similarly situated laborers as defined herein.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

71.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

72.     Plaintiffs are filing their individual notices of consent contemporaneously herewith and each notice of consent is incorporated herein.

73.     Plaintiffs and all others similarly situated are non-exempt employees who were misclassified by Defendant as independent contractors.

74.     Plaintiffs and all others similarly situated are entitled to overtime pay at a rate of time and one-half their regular rate of pay for all hours in excess of 40 hours worked during each workweek.

75.     Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and all other similarly situated laborers overtime compensation at a rate of time and one-half for all hours worked and recorded in excess of 40 hours per workweek.

76.     Defendant has not made a good faith effort to comply with the FLSA.

77.     In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs and by all other similarly situated employees.

78.     No exemption excused Defendant from paying Plaintiffs and all others similarly situated overtime compensation for all of the hours worked over 40 per workweek.

79.     Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding the classification of Plaintiffs and all others similarly situated under the FLSA and the compensation owed to Plaintiffs and to all other similarly situated laborers.

80.     Plaintiffs and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b),

along with pre- and post-judgment interest at the highest rate allowed by law through the date of any judgment in this matter.

## PRAYER

WHEREFORE Plaintiffs and all collective action members seek the following:

a.   an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b.   damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half their regular rates of pay), and other injuries;

c.   liquidated damages;

d.   all applicable penalties for the violations set forth herein;

e.   an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

f.   an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g.   such other and further relief, at law or in equity, as this Court deems just and appropriate.

Dated: July 13, 2015

Respectfully submitted,

By: /s/ Rhonda H. Wills
    Rhonda H. Wills
    State Bar No. 00791943
    S.D. Id. No. 20699
    Genevieve Estrada
    State Bar No. 24087481
    S.D. Id. No. 2158369
    WILLS LAW FIRM, PLLC
    1776 Yorktown, Suite 570
    Houston, Texas 77056
    Telephone: (713) 528-4455
    Facsimile: (713) 528-2047

ATTORNEYS FOR PLAINTIFFS