## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| JOSE DE JESUS OVIEDO HERNANDEZ, DONACIANO NIETO, LORENZO VEGA, JAVIER SANTILLAN, and JOSE LEONEL HERNANDEZ HENRIQUES, Individually and On Behalf All Others Similarly Situated, | § § § § § § § § | Civil Action No. 3:15-cv-00176 |
| Plaintiffs, | § § | COLLECTIVE ACTION (JURY TRIAL) |
| v. | § § § | |
| ROBERT DERING CONSTRUCTION, LLC, | § § § | |
| Defendant. | § § | |

---

## PLAINTIFFS' MOTION FOR ENTRY OF TURNOVER ORDER AGAINST JUDGEMENT DEBTOR ROBERT DERING CONSTRUCTION, LLC

---

Jose de Jesus Oviedo Hernandez, Donaciano Nieto, Lorenzo Vega, Javier Santillan, and Jose Leonel Hernandez Henriques (collectively "Plaintiffs"), apply for an order to aid the satisfaction of the judgement rendered by this Court in favor of Plaintiffs and against Defendant Robert Dering Construction, LLC ("Defendant").

## I.    INTRODUCTION

On July 10, 2017, this Court entered an order granting the parties' agreed judgment in favor of Plaintiffs and against Defendant. [Doc. 77].  The Court awarded Plaintiffs Jose de Jesus Oviedo Hernandez $53,781.70, Donaciano Nieto $58,699.08, Lorenzo Vega

$5,417.92, Javier Santillan $27,653.12, Jose Leonel Hernandez Henriques $38,936.68, and Wills Law Firm, PLLC attorney fees in the amount of $73,795.40 plus costs of $2,000 in case expenses. Unfortunately, this final judgment remains unsatisfied.

Accordingly, Plaintiffs respectfully request the Court to enter a turnover order pursuant to Texas law that requires Defendant to turn over, to the United States' Marshals Service in the Southern District of Texas, nonexempt tangible property and the rights to intangible property owned by Defendant, and subsequently order the Marshals Service to sell such property at a judicial auction to be applied towards the satisfaction of the judgment. 28 U.S.C. § 566(a); 28 U.S.C. §§ 2001-2004.

## II.    FACTORS GOVERNING ENTRY OF TURNOVER ORDER

FED. R. CIV. P. 69(a) incorporates state law remedies for post judgment collection measures. *Leroy v. City of Houston*, 906 F.2d 1068, 1085 (5th Cir. 1990). "In Texas, a court may order a judgment debtor 'to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425-26 (5th Cir. 2006) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 31.002)). "The statute is the procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Id.* at 426 (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)). Specifically, the statute provides, in pertinent part that:

> A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that: (1) cannot be readily attached or levied on by ordinary legal process; and (2) is not

exempt from attachment, execution or seizure for the satisfaction of liabilities.

* * *

The court may (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution; (2) otherwise apply the property to the satisfaction of the judgment; or (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) and (b). Reviewed for an abuse of discretion, a court's decision to enter a turnover "can be enforced 'by contempt proceedings or by other appropriate means in the event of refusal or disobedience.'" TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(c); *Af-Cap, Inc.*, 462 F.3d at 426; *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997). A creditor need not seek other remedies prior to seeking a turnover order. *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 78 (5th Cir. 1995); *Hennigan v. Hennigan*, 666 S.W.2d 322, 323-24 (Tex. App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Procedurally, an order under the Texas turnover statute typically issues without service of citation and effectively shifts the burden to the judgment debtor to account for assets to satisfy a judgment. *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 324 (5th Cir. 2006). In deciding whether to issue the order, the Court must determine from some evidence that the request for turnover relief falls within the scope of section 31.002; however, the turnover statute does not specify, or restrict, the manner in which evidence may be received, nor does it require that such evidence be in any particular form, be at any particular level of specificity, or that it reach any particular quantum.

*Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App. – Houston [1st Dist.] 2008, no pet.). One thing is clear, the party asserting an exemption from process has the burden of proof and must allege or make known tangible facts necessary to show that particular asset which the judgment creditor seeks to reach falls within a statutorily exempt classification. *Santibanez*, 105 F.3d at 239.

### III.    PROPERTY REQUESTED TO BE TURNED OVER

In order to satisfy the judgment against Defendant, Plaintiffs request the attachment, execution, or other seizure of properties in Defendant's control.  These properties are described as follows:

(a)    any cash, savings accounts, checking accounts, accounts receivable, or other demand deposit accounts, securities, bonds, certificates of deposit, contents of safe deposit boxes or savings bonds [*See generally* Exhibit 2, Sample of Paychecks];

(b)    any contractual right to payment from any third party for construction projects or construction management services;

(c)    any vehicle(s) potentially located at 8600 Jameel Rd, Houston, TX 77040 with an estimated value of $15,457 [*See* Exhibit 3, Tax Assessment 3];

(d)    2,400 square feet of office space including furniture, fixtures, computers, machinery and other equipment located at 8600 Jameel Rd, Houston, TX 77040 with an estimated value of $41,230 [*See* Exhibit 4, Tax Assessment 2];

(e)    any real estate owned by Defendant or in which Defendant has an interest; and

(f)    any other nonexempt property in the possession or under the control of Defendant.

28 U.S.C. § 566 (requiring Marshals Service to obey, execute and enforce all lawful

writs and orders of United States District Courts). Plaintiffs also requests the Court to order the Marshals Service to conduct a judicial auction for the sale of the seized property as permitted by 28 U.S.C. § 2001 and 28 U.S.C. § 2004, and to pay the proceeds to Plaintiffs in satisfaction of its judgment against Defendant.

## IV.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Entry of Turnover Order Against Judgement Debtor Robert Dering Construction, LLC.

Dated:  September 20, 2017

Respectfully submitted,

By: /s/ Rhonda H. Wills
    Rhonda H. Wills
    State Bar No. 00791943
    WILLS LAW FIRM, PLLC
    1776 Yorktown, Suite 570
    Houston, Texas  77056
    Telephone:  (713) 528-4455
    Facsimile:  (713) 528-2047

    **ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 20th day of September, 2017.


*/s/ Rhonda H. Wills*
Rhonda H. Wills